**Jose M. MACARUBBO, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 96–840.**

United States Court of Veterans Appeals.

Aug. 25, 1997.

Jose M. Macarubbo, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Acting Deputy Assistant General Counsel; and John D. McNamee, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Judges.

KRAMER, Judge, filed the opinion of the Court. NEBEKER, Chief Judge, filed a concurring opinion.

KRAMER, Judge:

The appellant, Jose M. Macarubbo, appeals a May 16, 1996, decision of the Board of Veterans' Appeals (BVA or Board) that determined that under 38 U.S.C. § 6104(a) he had forfeited his right to veterans benefits, due to his membership in the Bureau of Constabulary (BC) in the Philippines during World War II. Record (R.) at 3–8. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will vacate the decision of the BVA and remand the matter.

This Court reviews the BVA's findings regarding forfeiture as a question of fact under the "clearly erroneous" standard of review. *See Tulingan v. Brown,* 9 Vet.App. 484, 486 (1996); *Wood v. Derwinski,* 1 Vet. App. 190, 192 (1991). Under this standard "if there is a 'plausible' basis in the record for the factual determinations of the BVA ... [the Court] cannot overturn them." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). In order for the Court to review such findings properly, the Board is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Simon v. Derwinski,* 2 Vet.App. 621, 622 (1992); *Masors v. Derwinski,* 2 Vet.App. 181, 188 (1992); *Gilbert,* 1 Vet.App. at 57 (Board decision must provide Court with adequate basis for judicial review). Thus, the Board is required, in making findings of fact, "to consider and discuss all evidence on both sides of the issue, and to reconcile any conflicts among such evidence or, alternatively, provide an explanation of the reasons for rejecting evidence favorable to the claimant or determining that such evidence is of little relative weight or probative value." *Bucklinger v. Brown,* 5 Vet.App. 435, 438–39 (1993); *see Caluza v. Brown,* 7 Vet.App. 498, 506 (1995), *aff'd,* 78 F.3d 604

(Fed.Cir.1996) (table); *Gabrielson v. Brown,* 7 Vet.App. 36, 39–40 (1994); *Gilbert, supra.*

■ In supporting its findings, the BVA basically provided two lines of reasons or bases, both of which the Court finds deficient. First, the BVA, noting an October 1944 report from American headquarters (that is not included in the record on appeal (ROA) but which the Court will assume it could take judicial notice of (*see Tulingan, supra* )), stated that the appellant's membership in the BC "constitute[d] prima facie evidence of rendering assistance to an enemy of the United States and its allies." R. at 5. Second, the BVA stated that "VA recognizes the BC as having been part of the Japanese military occupation and administration of the Philippines, and as part of the Japanese Imperial Forces" and that "members of the BC helped Japanese forces control the local population, made pledges of allegiance to the Japanese Government, were issued weapons, and were sometimes used against American forces." R. at 5–6. With respect to the first statement, the BVA does not cite any statute or regulation to support its statement of law that BC service, per se, constitutes rendering assistance to an enemy, nor is the Court aware of the existence of any such statute or regulation. With respect to the second statement, "VA recognition" does not constitute competent evidence to support a finding. It has been fundamental from the creation of the Court that the BVA must rely only on evidence substantiated by the record and not rely on evidence found only in the mind of the adjudicator. *See Ferraro v. Derwinski,* 1 Vet.App. 326, 331–32 (1991) (Board "merely offered its own opinion" in determining that the appellant's disabilities did not prevent him from working, "a technique this Court has previously determined to be inadequate"); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990); *Gilbert,* 1 Vet.App. at 56–57 ("[a] bare conclusory statement, without supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review', nor in compliance with statutory requirements"); *cf. Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991) (Board may not rely on its own unsubstantiated medical opinions).

Finally, the Court notes, in view of the above, that the Secretary's "Motion for Summary Affirmance," which does not discuss any of the evidence of record but simply cites to the ROA, falls far short of the requirements of Rules 28(b)(1) and 28(a)(4) of the Court's Rules of Practice and Procedure.

On the basis of the foregoing and consideration of the parties' pleadings and the record on appeal, the May 16, 1996, BVA decision is VACATED and the matter REMANDED for proceedings consistent with this opinion. The appellant is free to submit additional evidence and argument on remand. *See Quarles v. Derwinski,* 3 Vet.App. 129, 140–41 (1992).

NEBEKER, *Chief Judge,* concurring:

Because the Board's proffered reasons and bases are inadequate, I agree with my colleagues that remand is the appropriate outcome in the instant case. The Board's decision does not, in any way, address the appellant's assertion that he was forced to join the BC. However, an adequately explained finding of membership in the BC, absent coercion, is an adequate basis to deny benefits, standing alone. *See Tulingan v. Brown,* 9 Vet.App. 484 (1996).

To the extent that the Court's opinion implies that a statute or regulation is a necessary predicate for the Board's taking of official notice of the October 1944 report (*see* R. at 5–6), our *Tulingan* opinion suggests otherwise. *Tulingan,* 9 Vet.App. at 486. As such, the Court's present opinion cannot be read as inconsistent with *Tulingan,* absent an en banc decision.