Citation Nr: 1434257 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 10-04 148 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for a low back disorder.


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

C. Bruce, Counsel


INTRODUCTION

The Veteran served on active duty from March 1967 to December 1969.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

The Veteran requested and was scheduled for a Board hearing in March 2012 but failed to report for that hearing and provided no explanation for not appearing at the hearing. The Board will therefore proceed with his appeal as though the request for a hearing had been withdrawn. See 38 C.F.R. § 20.704(d).

This case was previously brought before the Board in October 2012 and November 2013 at which time the claim was remanded to the Agency of Original Jurisdiction (AOJ) to further assist the Veteran with the development of his appeal. The case is once again before the Board.


FINDING OF FACT

The preponderance of the evidence is against a finding that the Veteran has a low back disorder due to any incident of his military service.


CONCLUSION OF LAW

The criteria for the establishment of service connection for a low back disorder are not met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 1137, 5107(b) (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2013).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Assist and Notify

VA has satisfied its duties under the Veteran's Claims Assistance Act of 2000 to notify and assist. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2013).

After the claim was received, the RO advised the claimant by letter of the elements of service connection and informed him of his and VA's respective responsibilities for obtaining relevant records and other evidence in support of his claim. The duty to notify is satisfied. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Dingess/Hartman, 19 Vet. App. 473 (2006).

VA's duty to assist under the VCAA includes helping claimants to obtain service treatment records and other pertinent records, including private medical records. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). The claims file contains the Veteran's service treatment records, private medical records, and VA medical records. The duty to obtain relevant records is satisfied. See 38 C.F.R. § 3.159(c).

In the October 2012 and November 2013 remands the Board requested that the Veteran's Social Security Administration (SSA) records be obtained and proper notice regarding new and material claims be provided and that a VA examination be provided. The record reflects that the Veteran's additional records were obtained and associated with his claims file. The VA examination was provided. Thus, the Board's remand instructions have been substantially complied with. See Stegall v. West, 11 Vet.App. 268, 271 (1998); see also Dyment v. West, 13 Vet.App. 141, 146-47 (1999).

VA's duty to assist also includes providing a medical examination and/or obtaining a medical opinion when necessary to make a decision on the claim, as defined by law. See 38 U.S.C.A. § 5103A; 38 C.F.R. §§ 3.159(c)(4), 3.326(a); McLendon v. Nicholson, 20 Vet. App. 79 (2006). Appropriate VA medical inquiry was accomplished and is factually informed, medically competent and responsive to the issues under consideration. Monzingo v Shinseki, 26 Vet. App. 97 (2012); Barr v. Nicholson, 21 Vet. App. 303 (2007).

All appropriate due process concerns have been satisfied. See 38 C.F.R. § 3.103 (2013). The Veteran has been accorded the opportunity to present evidence and argument in support of his claims.

Merits of the Claims

The Veteran seeks service connection for a low back disability resulting from an injury during his active military service. There is no competent, probative evidence linking his claimed disorder to military service and the claim will be denied. 38 C.F.R. § 3.102.

Generally, to prevail on a claim of service connection on the merits, there must be competent evidence of (1) current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence or other competent evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See Hickson v. West, 12 Vet. App. 247 (1999); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131. With chronic disease shown as such in service so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes.

However, the U.S. Court of Appeals for the Federal Circuit held that the continuity of symptomatology language in § 3.303(b) "restricts itself to chronic diseases" found in 38 C.F.R. § 3.309(a). Walker v. Shinseki 708 F.3d 1331 (Fed. Cir. 2013) ("Nothing in § 3.303(b) suggests that the regulation would have any effect beyond affording an alternative route for proving service connection for chronic diseases."). If a veteran served continuously for ninety (90) or more days during a period of war or after December 31, 1946, and if a listed disease, such as arthritis, became manifest to a degree of 10 percent or more within one year from the date of the veteran's termination of such service, that condition would be presumed to have been incurred in or aggravated by service, even though there is no evidence of such disease during the period of service. Such a presumption would be rebuttable, however, by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

The Veteran asserts that his lumbar spine disability began in service after he was thrown backward during an explosion and fell 3 to 4 feet. A December 1969 treatment record notes his complaints of back pain. 

Post-service, the Veteran reported that he had a civilian job related back injury in March or April 1970. An April 1970 VA treatment record noted the Veteran was evaluated for back pain with radicular pain. In 1997, while working for the railroad, the patient stepped off a moving train and sustained a low back injury with left leg radicular pain resulting in a laminectomy and discectomy at the L2-L3 level. The Veteran retired after that injury and started receiving SSA benefits as a result. 

The Veteran was afforded a VA examination in December 2013. The Veteran was diagnosed with degenerative joint disease of the thoracic spine and degenerative disc disease, degenerative joint disease, neuro-foraminal stenosis, intervertebral disc syndrome, central canal stenosis, laminectomy and discectomy, and chronic mechanical syndrome of the lumbar spine. An x-ray of the thoracic spine revealed age-related multi-level degenerative bony/disc disease without evidence of fracture, subluxation, bone destruction, or soft tissue abnormality. X-rays of the lumbar spine revealed advanced multi-level lumbar disc disease/spondylosis and hypertrophic facet arthrosis. After a thorough examination and a review of the Veteran's claims folder, the examiner opined that it was more likely than not that the Veteran's in-service injury resulted in recurrent mechanical low back syndrome, but not in the degenerative joint disease, degenerative disc disease, and intervertebral disc syndrome which are more likely the result of aging and post-surgical complications. In a subsequent December 2013 VA addendum opinion, the examiner noted that according to the current scientific literature, including the AMA Guides to the Evaluation of Disease and Injury Causation-Second Edition (2014), despite modern medicine the pain-generating structure for most adults with low back pain cannot be reliably scientifically established, or even diagnosed. The examiner then stated that the etiology of the Veteran's current back problem being related to an in-service injury was not supported by the scientific literature. Therefore, it was less likely than not that the Veteran's complaints of back pain resulted in a permanent service connected back disability, rather, multifactorial causes are the probable etiology. 

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997), cert, denied, 523 U.S. 1046 (1998); Wensch v. Principi, 15 Vet. App. 362, 367 (2001). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value.

In weighing lay evidence, the Board must render a finding with regard to both competency and credibility. See Coburn v. Nicholson, 19 Vet. App. 427, 433 (2006). Competency must be distinguished from weight and credibility, which are factual determinations going to the probative value of the evidence. Rucker v. Brown, 10 Vet. App. 67, 74 (1997).

In addition, as noted above, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that lay evidence is one type of evidence that must be considered, and competent lay evidence can be sufficient in and of itself. The Board, however, retains the discretion to make credibility determinations and otherwise weigh the evidence submitted, including lay evidence. See Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006). This would include weighing the absence of contemporary medical evidence against lay statements. In addition, the U.S. Court of Appeals for Veterans Claims (Court) held that the credibility of lay evidence can be affected and even impeached by factors such as inconsistent statements, internal inconsistency of statements, and inconsistency with other evidence of record. See Macarubbo v. Gober, 10 Vet. App. 388 (1997).

Although post-service manifestations of a chronic disease shown in service may be service connected, the Board finds the Veteran's current disability clearly attributable to intervening causes-a 1970 civilian job related back injury and a 1997 injury while working for the railroad. 38 C.F.R. § 3.303(b). The Veteran has reported of continuity of symptoms, but the probative evidence suggests that his current back disabilities are due to age related causes and work related injuries. Caluza v. Brown, 7 Vet. App. 498, 511-512 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996) (per curiam) (table) (the Board may properly consider internal inconsistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant). Even if the Veteran had been diagnosed with a chronic back strain, such a diagnosis of chronicity may be legitimately questioned. Id; 38 C.F.R. § 3.303(b) (2013).

The Board finds the medical of evidence more probative than the Veteran's unsupported lay statements. The December 2013 VA examination report reflects review of the Veteran's treatment records and provides a reasoned medical opinion. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). Although the Veteran is competent to report his symptoms per Layno v. Brown, 6 Vet.App. 465 (1994), he is a layperson who is not competent to give a medical opinion on diagnosis, causation, or aggravation of a medical condition. Bostain v. West, 11 Vet. App. 124 (1998).

The most persuasive and competent evidence of record does not support the Veteran's claim of entitlement to service connection for a back disability. See Hayes v. Brown, 5 Vet. App. 60, 69-70 (1993) (it is the responsibility of the Board to assess the credibility and weight to be given the evidence) (citing Wood v. Derwinski, 1 Vet. App. 190, 192-93 (1992)); see also Guerrieri v. Brown, 4 Vet. App. 467, 470-471 (1993) (the probative value of medical evidence is based on the physician's knowledge and skill in analyzing the data, and the medical conclusion he reaches; as is true of any evidence, the credibility and weight to be attached to medical opinions are within the province of the Board). The preponderance of the evidence is against the claim and the doctrine of reasonable doubt is not for application. See 38 U.S.C.A.§ 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).


ORDER

Entitlement to service connection for a low back disorder is denied.



____________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs