Citation Nr: 1456899 
Decision Date: 12/30/14 Archive Date: 01/09/15

DOCKET NO. 10-32 011 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for sleep apnea.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Appellant


ATTORNEY FOR THE BOARD

Shamil Patel, Counsel


INTRODUCTION

The Veteran had active military service from August 1967 to August 1969.

He appealed to the Board of Veterans' Appeals (Board/BVA) from a February 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) that, in pertinent part, denied service connection for sleep problems.

In April 2012, in support of this claim, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ) of the Board. A transcript of the proceeding is of record. The Board subsequently remanded this claim in February 2014, in the process recharacterizing it as for service connection for obstructive sleep apnea. The Board conversely decided an additional claim of entitlement to an initial compensable rating for bilateral hearing loss, which also had arisen out of the February 2010 rating decision and had been appealed by the Veteran to the Board.

This appeal was processed entirely electronically using the Veterans Benefits Management System (VBMS). Instead of paper, a highly secured electronic repository is used to store and review every document involved in the claims process. The use of this system allows VA to leverage information technology in order to more quickly and accurately decide a Veteran's claim for benefits.


FINDING OF FACT

The Veteran's obstructive sleep apnea is not shown to be related to or the result of his military service.



CONCLUSION OF LAW

The criteria are not met for entitlement to service connection for sleep apnea. 38 U.S.C.A. §§ 1110, 1154, 5103, 5103A, 5107 (West 2002 and Supp. 2013); 38 C.F.R. §§ 3.303, 3.304 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. The Duties to Notify and Assist

Under the Veterans Claims Assistance Act (VCAA), when VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate the claim, including apprising him of the information and evidence he is expected to provide versus that VA will obtain for him. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. Here, to this end, the Veteran was provided this required notice and information in a September 2009 letter, prior to the initial adjudication of his claim in the February 2010 decision at issue in this appeal, so in the preferred sequence. Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II). He has not alleged any notice deficiency during the processing and adjudication of this claim, certainly none that he and his representative consider unduly prejudicial - meaning necessarily outcome determinative of this claim. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009).

VA also has a duty to assist the Veteran in obtaining potentially relevant records and providing an examination or medical opinion when necessary to make a decision on the claim. This additional obligation does not apply if there is no reasonable possibility the assistance would aid in substantiating the claim. To this end, the Veteran's service treatment records (STRs), service personnel records (SPRs), and identified post-service private treatment records have been obtained and associated with his claims file for consideration. He was also provided a VA examination, the report of which contains a description of the history of the disability at issue, documents and considers the relevant medical facts and principles, and provides an opinion regarding the etiology of his claimed condition, including especially in terms of its posited relationship with his military service. Notably, the rationale portion of the opinion did not reference his lay assertions regarding his symptoms in service and since, post service. But as discussed below, the Board does not find his assertions credible and, therefore, remanding the claim again for further medical comment regarding these statements is unnecessary since they have no basis in fact and, consequently, cannot be relied on in linking the current sleep apnea back to the Veterans time in service. A medical opinion is only as good and credible as the history on which it is predicated, so an opinion based on an inaccurate factual premise, even if additionally obtained on remand, would have no ultimate probative value. See Reonal v. Brown, 5 Vet. App. 458 (1993). VA's duty to assist with respect to obtaining relevant records and an examination and opinion therefore has been met. 38 C.F.R. § 3.159(c); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

Regarding the Veteran's videoconference hearing before the Board, it was appropriately conducted as the presiding VLJ duly explained the issue and identified possible sources of evidence that may have been overlooked and that might be potentially advantageous to the Veteran's position. 38 C.F.R. 3.103(c)(2); Bryant v. Shinseki, 23 Vet. App. 488 (2010).

II. Service Connection

Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active military service in the line of duty. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Establishing entitlement to service connection generally requires having competent and credible evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a relevant disease or an injury; and (3) a causal relationship, i.e., a nexus, between the disease or injury in service and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009). See also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002). Showing continuity of symptomatology since service under 38 C.F.R. § 3.303(b) is an alternative means of linking a claimed disability to service, but is only available for the "chronic diseases" specifically enumerated in 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Obstructive sleep apnea is not among the listed conditions, and therefore this relaxed standard is inapplicable.

Private treatment records from June 2009 list sleep apnea as a then current problem, and the March 2014 VA examination on remand confirmed this diagnosis of sleep apnea as a current condition. Therefore, element (1) of service connection has been met.

With respect to element (2), in-service incurrence of the disease, the Veteran reported that he has had problems sleeping since returning from Vietnam. See hearing Transcript at page 5. During his March 2014 VA examination, on remand, he again reported having difficulty sleeping since returning from Vietnam in 1969. He acknowledged not complaining about it or requesting any treatment for it while in service, but said he was told that he snored loudly while in Vietnam. After service, he continued having this issue, including waking up often as much as 10 times per night and consequently experiencing daytime fatigue (since he was not getting a restful or good night's sleep). He admittedly did not see anyone about it after his service, but explains that he simply tried to cope with it alone, instead.

As even he concedes, his STRs are unremarkable for any complaints, treatment, or diagnosis of a sleep disorder, including of obstructive sleep apnea specifically, and his July 1969 military separation examination was equally benign since there continued to be grossly normal findings.

Notably, the Veteran received awards as a result of his service indicating his participation in combat, including the Purple Heart Medal, Combat Infantryman Badge, and Bronze Star. When a Veteran asserts entitlement to service connection for injuries or disease incurred or aggravated in combat, 38 U.S.C.A. § 1154(b) and its implementing regulation, 38 C.F.R. § 3.304(d), are applicable. This statute and regulation ease the evidentiary burden of a combat Veteran by permitting the use, under certain circumstances, of lay evidence to establish the occurrence of the claimed disease, injury or event in service. If the Veteran engaged in combat with the enemy, VA shall accept as sufficient proof of service connection satisfactory lay or other evidence of injury or disease incurred or aggravated in combat, if the evidence is consistent with the circumstances, conditions, or hardships of his service even though there is no official record of such incurrence or aggravation. Id. The U.S. Court of Appeals for the Federal Circuit (Federal Circuit Court) has held that, in the case of a combat veteran, not only is the combat injury presumed, but so too is the disability due to the combat injury in service. Reeves v. Shinseki, 682 F.3d 988, 998-99 (Fed. Cir. 2012). Service connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary, however.

Moreover, this statute and regulation only can be used to provide a factual basis upon which a determination can be made that a particular disease or injury was incurred or aggravated in service, not also to link the disability now being claimed to the disease or injury in service. See Libertine v. Brown, 9 Vet. App. 521, 522-23 (1996). See also Reeves, supra. In other words, 38 U.S.C.A. § 1154(b) and 38 C.F.R. § 3.304(d) do not establish entitlement to service connection for a combat veteran; instead, this statute and regulation help him by relaxing the adjudicative evidentiary requirements for determining what happened in service. See Wade v. West, 11 Vet. App. 302, 305 (1998) (holding that "a combat veteran who has successfully established the in-service occurrence or aggravation of an injury pursuant to § 1154(b), must still submit sufficient evidence of a causal nexus between that in-service event and his or her current disability"). A veteran must still generally establish the claim by competent medical evidence tending to show a current disability and a nexus between that disability and the events in service, including those that occurred in combat. See Gregory v. Brown, 8 Vet. App. 563, 567 (1996).


All of this is critically important to keep in mind because, here, the Veteran has not asserted that his obstructive sleep apnea was incurred in combat. And, indeed, even if that were the case, his lay statements concerning this still must be "satisfactory," i.e., credible and "consistent with the circumstances, conditions, or hardships of service." Zarycki v. Brown, 6 Vet. App. 91, 98 (1993). Not only are entries related to sleep apnea absent from his STRs, but he affirmatively denied any such symptoms. Specifically, he denied a history of sleeping trouble during his July 1969 separation examination. He also underwent numerous additional examinations as part of his subsequent service in the National Guard, and specifically those in January 1976, February 1985, January 1989, and August 1993 were all normal, and he consistently denied a history of sleeping trouble in accompanying reports of his medical history.

The Federal Circuit Court has recognized the Board's "authority to discount the weight and probity of evidence in light of its own inherent characteristics and its relationship to other items of evidence." Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997). The Board therefore may consider the absence of any indication of a relevant medical complaint until so relatively long after service as one factor, just not the only or sole factor, in determining whether a disease or an injury in service resulted in chronic or persistent residual disability. See Maxson v. West, 12 Vet. App. 453, 459 (1999), aff'd sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). See, too, Mense v. Derwinski, 1 Vet. App. 354 (1991) (holding that VA did not err in denying service connection when the Veteran had failed to provide evidence demonstrating continuity of symptomatology since service and had failed to account for the lengthy time period following service during which there was no clinical documentation of the claimed disorder). Also keep in mind that, regarding this notion of continuity of symptomatology since service, it would only apply if the Veteran had a chronic condition of the type specifically defined by 38 C.F.R. § 3.309(a), which he does not.


In Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc), the Federal Circuit Court cautioned that negative evidence, meaning actual evidence weighing against a party, must not be equated with the absence of substantive evidence. However, as noted above, the evidence does not merely fail to document findings of sleep apnea in service. Rather, it shows the Veteran affirmatively denied symptoms of sleep trouble, not only during the end of his period of active service in 1969, but also during several subsequent examinations conducted over the next 24 years, which conflict with his recent statements regarding sleeping trouble in service and thereafter. As fact finder, when considering whether lay evidence is satisfactory, the Board may properly consider internal inconsistency of the statements, facial plausibility, consistency with other evidence submitted by or on the claimant's behalf, and his demeanor when testifying at a hearing when he has testified. See Dalton v. Nicholson, 21 Vet. App. 23, 38 (2007); Caluza v. Brown, 7 Vet. App. 498, 511 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996). See, too, Macarubbo v. Gober, 10 Vet. App. 388 (1997) (similarly holding that the credibility of lay evidence can be affected and even impeached by inconsistent statements, internal inconsistency of statements, inconsistency with other evidence of record, facial implausibility, bad character, interest, bias, self-interest, malingering, desire for monetary gain, and witness demeanor). The Federal Circuit Court has held that, while the absence of contemporaneous medical records does not, in and of itself, render lay testimony not credible, the Board may weigh the absence of contemporaneous records when assessing the credibility of lay evidence. See Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006) ("Nor do we hold that the Board cannot weigh the absence of contemporaneous medical evidence against the lay evidence of record."). Moreover, although the Board cannot reject a claimant's statements and testimony merely because he is an interested party, his personal interest may affect the credibility of his testimony when considered in light of other factors. See Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991); accord Buchanan, 451 F.3d at 1337 (holding that "the Board, as fact finder, is obligated to, and fully justified in, determining whether lay evidence is credible in and of itself, i.e., because of possible bias . . . .").


The medical history reports mentioned do, however, document other complaints. In January 1976, the Veteran reported a history of rheumatic fever and sinusitis. In February 1985, he again reported a history of rheumatic fever, hay fever, and sinusitis. In January 1989, he reported eye trouble, hearing loss, sinusitis, and foot trouble. In August 1993, he reported a history of recurrent back pain, hearing loss, sinusitis, and other conditions. Therefore, it appears he reported all of his past or then existing medical conditions, but without mentioning any problems whatsoever related to a sleep disorder, suggesting that no such condition existed at the time. See AZ v. Shinseki, 731 F.3d 1303, 1318 (Fed. Cir. 2013) (recognizing the widely-held view that the absence of an entry in a record may be considered evidence that the fact did not occur if it appears that the fact would have been recorded if present). The Board finds these records, generated during service and in the years following service, to be more probative than his recent statements as to the onset and history of sleep-related symptoms. See Rucker v. Brown, 10 Vet. App. 67, 73 (1997) (lay statements found in medical records when medical treatment was being rendered may be afforded greater probative value; statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth in order to receive proper care). See also Harvey v. Brown, 6 Vet. App. 390, 394 (1994) (upholding a Board decision assigning more probative value to a contemporaneous medical record report regarding the cause of a fall than subsequent lay statements asserting different etiology).

For these reasons and bases, the Board finds that the Veteran's statements regarding sleep-related symptoms in service and supposedly continually since are not credible, and therefore do not constitute "satisfactory" lay evidence of an 
in-service incurrence of sleep apnea. Bastien v. Shinseki, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact finder."). See also Jackson v. Virginia, 443 U.S. 307, 319 (1979) (It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.").

As there is no other evidence of such an incurrence, element (2) of a successful service-connection claim has not been satisfied, so this claim of entitlement to service connection for sleep apnea must be denied. There is not an approximate balance of evidence for versus against the claim insofar as this critical element, so not the required reasonable doubt to resolve it in the Veteran's favor. 38 C.F.R. § 3.102.


ORDER

Service connection for sleep apnea is denied.



____________________________________________
KEITH W. ALLEN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs