http://www.va.gov/vetapp16/Files4/1630431.txt

Citation Nr: 1630431 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 11-25 301 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio

THE ISSUE

Entitlement to service connection for a left knee disorder.

REPRESENTATION

Veteran represented by: The American Legion

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel

INTRODUCTION

The Veteran had active service from May 1970 to May 1973.

This matter is before the Board of Veterans' Appeals (Board) on appeal from rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. 

In December 2007, the Veteran was afforded a hearing before a Decision Review Officer (DRO) of the RO. A transcript of the hearing has been associated with the claims file.

In August 2014, the Veteran was afforded a videoconference hearing before L.A. Rein, who is the Acting Veterans Law Judge (AVLJ) rendering the determination in the claim and was designated by the Chairman of the Board to conduct that hearing, pursuant to 38 U.S.C.A. § 7102(b) (West 2014). A transcript of the hearing has been associated with the claims file.

In November 2014, the Board remanded this appeal to the RO via the Appeals Management Center (AMC), in Washington, DC, for further development. The appeal has now been returned to the Board for appellate disposition. 

Upon remand, the Veteran requested another Board hearing. In a February 2015 letter, he was notified that his second Board hearing had been scheduled for March 2015, but he failed to appear for the proceeding and has not provided an explanation for his absence or requested to reschedule the hearing. Accordingly, the Board considers that his hearing request to be withdrawn. 38 C.F.R. § 20.704(d) (2015).

This appeal was processed using the VBMS paperless claims processing system. 

FINDING OF FACT

The left knee disorder was not manifested during his active military service, is not shown to be causally or etiologically related to his active military service, and is not shown to have manifested within one year from the date of his separation from the military.

CONCLUSION OF LAW

Service connection for a left knee disorder is not established. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the veteran). 

I. VA's Duties to Notify and Assist

Upon receipt of a substantially complete application, VA must notify the claimant and any representative of any information, medical evidence, or lay evidence not previously provided to VA that is necessary to substantiate the claim. The notice must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5103, 5103A, 5107 (West 2014); 38 C.F.R. § 3.159 (2015); Pelegrini v. Principi, 18 Vet. App. 112 (2004). If VA does not provide adequate notice of any of element necessary to substantiate the claim, or there is any deficiency in the timing of the notice, the burden is on the claimant to show that prejudice resulted from a notice error, rather than on VA to rebut presumed prejudice. Shinseki v. Sanders, 129 S.Ct. 1696 (2009). 

The Veteran received notification prior to the initial AOJ decision through a notice letter in October 2006. The content of the notice letter fully complies with the requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) regarding VA's duty to notify. 

The Board also finds that the duty to assist requirements have been fulfilled. This duty includes assisting the Veteran in the procurement of service treatment records (STRs) and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Here, the Board finds that all relevant facts have been properly developed, and that all evidence necessary for equitable resolution of the issue has been obtained. His STRs, Social Security Administration (SSA) records, and post-service VA treatment records have been obtained. The Board does not have notice of any additional relevant evidence that is available but has not been obtained. 

The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on a claim, as defined by law. Here, the Board notes that a VA examination and medical opinion have not been obtained. However, the Board finds that the evidence, which reveals that the Veteran did not have a left knee disorder during service and does not reflect competent evidence showing a nexus between service and the disorder at issue, warrants the conclusion that a remand for an examination and/or opinion is not necessary to decide the claim. See 38 C.F.R. § 3.159(c)(4). As service and post-service treatment records provide no basis to grant this claim, and in fact provide evidence against this claim, the Board finds no basis for a VA examination or medical opinion to be obtained.

Under McLendon v. Nicholson, 20 Vet. App. 79 (2006), in disability compensation claims, VA must provide a VA medical examination when there is: (1) competent evidence of a current disorder or persistent or recurrent symptoms of a disorder; and, (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies; and, (3) an indication that the disorder, or persistent or recurrent symptoms of a disorder, may be associated with the Veteran's active military service or with another service-connected disability; but, (4) insufficient competent medical evidence on file for the VA Secretary to make a decision on the claim. Simply stated, the standards of McLendon are not met in this case.

The Board is also satisfied as to substantial compliance with its November 2014 remand directives. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999); Stegall v. West, 11 Vet. App. 268 (1998). This included obtaining the Veteran's STRs from Fort Hood, Texas. The AOJ requested these records from the National Personnel Records Center (NPRC). In February 2015, NPRC responded that these records were unavailable. The Veteran was informed of the unavailability of these records in a March 2015 letter and provided the opportunity to submit his own copies of the records. The Veteran did not submit any additional STRs. Additionally, the remand included readjudicating the claim, which was accomplished in the April 2015 Supplemental Statement of the Case (SSOC). Thus, the Board finds that there has been substantial compliance with its remand directives. Id.

For the foregoing reasons, the Board concludes that all reasonable efforts were made by the VA to obtain evidence necessary to substantiate the Veteran's claim. Therefore, no further assistance to the Veteran with the development of evidence is required.

II. Service Connection

The Veteran seeks service connection for a left knee disorder.

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a).

Service connection may also be granted for any disease diagnosed after the military discharge, when all the evidence, including that pertinent to the period of military service, establishes that the disease was incurred during the active military service. 38 U.S.C.A. § 1113(b); 38 C.F.R. § 3.303(d). 

Service connection for certain chronic diseases, arthritis (i.e., degenerative joint disease), will be presumed if they manifest to a compensable degree within one year following the active military service. This presumption, however, is rebuttable by probative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. Presumptive periods are not intended to limit service connection to diseases so diagnosed when the evidence warrants direct service connection. The presumptive provisions of the statute and VA regulations implementing them are intended as liberalizations applicable when the evidence would not warrant service connection without their aid. 38 C.F.R. § 3.303(d). 

For the showing of a chronic disease in service, there must be a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. If chronicity in service is not established, evidence of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The determination as to whether the requirements for service connection are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. 38 U.S.C.A. § 7104(a) (West 2014); Baldwin v. West, 13 Vet. App. 1 (1999); see 38 C.F.R. § 3.303(a). 

When there is an approximate balance of positive and negative evidence regarding a material issue, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); see 38 C.F.R. § 3.102. If the Board determines that the preponderance of the evidence is against the claim, it has necessarily found that the evidence is not in approximate balance, and the benefit of the doubt rule is not applicable. Ortiz, 274 F.3d at 1365. 

As noted above, the first element of service connection requires medical evidence of a current disorder. Here, a current diagnosis has been established. In a VA Medical Center (VAMC) treatment record dated in July 2007, the Veteran was diagnosed with osteoarthritis of the left knee. Thus, the Veteran has satisfied the first element of service connection.

As stated above, the second element of direct service connection requires medical evidence, or in certain circumstances, lay testimony, of in-service incurrence or aggravation of an injury or disease. 

The STRs do not document any complaints of, injury to, or treatment for the left knee. During his hearing at the RO in December 2007, the Veteran testified that he injured his left knee twice during service: once in Vietnam, when he was treated by field medics with an ace bandage, and once at Fort Hood, Texas, with treatment that included a leg brace and use of crutches between six and eight weeks. He denied being hospitalized, but stated that he was treated at the base hospital. He testified that he did not report a left knee disorder upon separation from service because it was not bothering him at that time. He stated that he was employed as a truck driver following service. During his hearing, held in August 2014, he testified that he sustained a left knee injury from jumping off of a helicopter while in Vietnam (i.e., in 1971), and again in 1973, with use of a leg brace and crutches for about eight weeks after the second injury, during which time he was placed on light duty. STRs do not currently show any treatment for left knee symptoms. In March 2010, the RO requested any records for the Veteran from the hospital at Fort Hood, Texas. The AOJ requested these records from the National Personnel Records Center (NPRC). In February 2015, NPRC responded that these records were unavailable. The Veteran was informed of the unavailability of these records in a March 2015 letter and provided the opportunity to submit his own copies of the records. The Veteran did not submit any additional STRs. Thus, the Veteran's claimed left knee injury is not documented in the STRs. The Veteran's active duty ended in May 1973.

The first post-service relevant complaint of a left knee disorder was in a July 2007 VAMC treatment record, which documented that the Veteran had osteoarthritis of the left knee. At that visit, the Veteran did not report that his left knee disorder occurred in service or that his left knee disorder had been present since his active military service. Again, the Veteran's active duty ended in 1973. This lengthy period without treatment for the disorder weighs heavily against the claim. See Maxson v. West, 12 Vet. App. 453 (1999), aff'd, 230 F.3d 1330 (Fed. Cir. 2000) (holding that service incurrence may be rebutted by the absence of medical treatment of the claimed disorder for many years after the military discharge). 

As previously mentioned, the third element of direct service connection requires medical evidence of a nexus between the current disorder and the in-service disease or injury. There is no positive medical nexus evidence in the claims file. As previously stated, a VA examination is not warranted in this case. The treatment records do not provide any supporting evidence. For all of these reasons, service connection for a left knee disorder is not warranted.

The Veteran reports continuous symptomatology since his active military service. However, the Veteran's contentions are not supported by the medical evidence of record. As stated above, the earliest pertinent post-service medical evidence associated with the claims file is dated from 2007, over thirty years after the Veteran's military separation in 1973. Further, the STRs do not show that the Veteran developed a chronic left knee disorder during his active military service. The STRs do not document any complaints of or treatment for a left knee disorder. When the Veteran was first treated post-service in 2007, he did not indicate that his left knee disorder had been present since his active military service. The evidence of record does not document continuity of symptomatology during and since the Veteran's active military service. Thus, the Board finds that the evidence of record does not establish a "chronic disorder." 38 C.F.R. § 3.303; see Walker, 708 F.3d at 1331. The Veteran's service connection claim cannot be granted on this theory of entitlement.

Additionally, the Board finds that the Veteran is not entitled to presumptive service connection for arthritis of the left knee. As stated above, the earliest post-service medical treatment records are dated from 2007, and the Veteran was separated from the active duty in 1973. No diagnosis of arthritis of the left knee was made within one year of the Veteran's military discharge. Thus, the presumption for service connection for chronic diseases does not apply. 38 U.S.C.A. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.307(a), 3.309(a).

In reaching this decision, the Board has considered the Veteran's arguments in support of his claim. The Board acknowledges that the Veteran is competent, even as a layperson, to attest to factual matters of which he has first-hand knowledge, e.g., an injury during his active military service. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held that lay evidence is one type of evidence that must be considered, and that competent lay evidence can be sufficient in and of itself. Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006). In Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009), and in Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007), the Federal Circuit determined that lay evidence can be competent and sufficient to establish a diagnosis of a disorder when: (1) a layperson is competent to identify the medical disorder (noting that sometimes the layperson will be competent to identify the disorder where the disorder is simple, for example a broken leg, and sometimes not, for example, a form of cancer); (2) the layperson is reporting a contemporaneous medical diagnosis; or, (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. The relevance of lay evidence is not limited to the third situation, but extends to the first two as well. Whether lay evidence is competent and sufficient in a particular case is a fact issue. Id.

Although the Veteran is competent to report that he injured his left knee during his active military service, which resulted in his current left knee disorder, the Board must still weigh his lay statements against the medical evidence of record. See Layno v. Brown, 6 Vet. App. 465 (1994) (distinguishing between competency ("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted")). In making this credibility determination, the Board does not find the Veteran's statements concerning the etiology of the left knee disorder to be credible, since his STRs make no reference to a left knee injury, and since the first diagnosis of a left knee disorder in the record was in July 2007, more than thirty years after his separation from the active duty. See Caluza v. Brown, 7 Vet. App. 498, 511-12 (1995), aff'd per curiam, 78 F.3d. 604 (Fed. Cir. 1996); see also Macarubbo v. Gober, 10 Vet. App. 388 (1997) (holding that the credibility of lay evidence can be affected and even impeached by inconsistent statements, internal inconsistency of statements, inconsistency with other evidence of record, facial implausibility, bad character, interest, bias, self-interest, malingering, desire for monetary gain, and witness demeanor).

It is important to point out that the Board does not find that the Veteran's lay statements lack credibility merely because they are unaccompanied by contemporaneous medical evidence. See Davidson, 581 F.3d at 1313, quoting Buchanan, 451 F.3d at 1337 ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence."). Rather, the Veteran's statements are found to be incredible because they are inconsistent with the evidence of record, which fails to show a left knee injury during his active military service, which fails to show any documentation of a left knee disorder until over three decades after his separation from the active duty in 1973, and which does not contain any medical nexus opinions even suggesting that his left knee disorder to service.

Further, as the Veteran is not shown to be other than a layperson without the appropriate medical training and expertise, he is competent to render a probative opinion on a medical matter requiring specialized knowledge regarding the etiology of a left knee disability. Grottveit v. Brown, 5 Vet. App. 91, 93 (1993). Thus, his statements do not constitute competent medical evidence in support of the claim.

The Board notes that under the provisions of 38 U.S.C.A. § 5107(b), the benefit of the doubt is to be resolved in the claimant's favor in cases where there is an approximate balance of positive and negative evidence in regard to a material issue. The preponderance of the evidence, however, is against the Veteran's claim, and thus that doctrine is not applicable. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The Veteran's claim of entitlement to service connection for a left knee disorder is not warranted.

The Board is grateful to the Veteran for his honorable service, and regrets that a more favorable outcome could not be reached.

ORDER

The claim of entitlement to service connection for a left knee disorder is denied.

____________________________________________
LESLEY. A. REIN
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs