Citation Nr: 1719219 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-08 136A ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California



THE ISSUE

Entitlement to service connection for hypertension.



REPRESENTATION

Appellant represented by: National Association of County Veterans Service Officers



ATTORNEY FOR THE BOARD

J.R. Bryant



INTRODUCTION

The Veteran had active duty from February 1979 to April 1999. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. 

This issue was before the Board in December 2013 and March 2016, at which time it was remanded for additional evidentiary development. The case has now returned to the Board for further appellate action.


FINDING OF FACT

The Veteran's hypertension was not present in service or manifest to a compensable degree within one year of service discharge, and is not otherwise related to service.


CONCLUSION OF LAW

The criteria for service connection for hypertension are not met. 38 U.S.C.A. §§ 1110, 1112, 1113, 1131, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA's duty to notify was satisfied by letter dated August 23, 2010. See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

VA also satisfied its duty to assist the Veteran in the development of his claim. Service treatment records and pertinent post-service VA and private medical records have been obtained and associated with the claims file. The Veteran has also submitted potentially relevant documents and argument in support of his claims, including personal statements. The Board finds that there is no additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. 

The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim, as defined by law. Green v. Derwinski, 1 Vet. App. 121 (1991). Here, the AOJ obtained VA medical opinion in February 2014. The examination report is thorough and adequate, and thus is sufficient to base a decision. The Veteran has not alleged any prejudice caused by a deficiency in the examination here. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). 

Thus, the Board finds that VA has satisfied its duty to assist the Veteran in apprising him as to the evidence needed, and in obtaining evidence pertinent to his claim under the VCAA. The appeal will be based on the evidence of record. 

Law and Analysis

The Veteran is seeking service connection for hypertension. In September 2010 letter the Veteran's wife stated that the Veteran had been taking high blood pressure pills for four years. Additionally, in April 2012, the Veteran stated that he was diagnosed with hypertension in 1982. Most recently during VA examination in February 2014, he says he went to the VA in 2000 about a year after separation, and was started on blood pressure medication. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2016). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2016). 

In addition, service connection for certain chronic diseases, such as cardiovascular-renal disease (including hypertension), may be established on a presumptive basis by showing that the condition manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309(a) (2016). Although the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id. 

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. §§ 3.303(b), 3.309 (2016); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

After considering all information and lay and medical evidence of record in a case with respect to benefits under laws administered by the Secretary, when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt will be given to the claimant. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102. The benefit of the doubt rule is inapplicable when the evidence preponderates against the claim. Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001).

For VA compensation purposes, the term "hypertension" means that the diastolic blood pressure is predominantly 90mm or greater, and isolated systolic hypertension means that the systolic blood pressure is predominantly 160mm or greater with a diastolic blood pressure of less than 90mm. Multiple blood pressure readings are required to confirm the diagnosis of hypertension with 2 or more readings on at least 3 different days. 38 C.F.R. § 4.104, DC 7101, Note 1.

With this in mind, service treatment records contain multiple normal to borderline blood pressure readings taken over the course of the Veteran's more than 20 years of service none of which were sufficiently high to require treatment, or to result in a diagnosis of hypertension prior to his separation in April 1999. 

There is also no objective evidence that the Veteran was diagnosed as having hypertension within one year of his service discharge. The post-service record covers the period from 2002 to 2017 and includes VA treatment records which show that in December 2002 during outpatient evaluation for bilateral shoulder pain, the Veteran's blood pressure was 126/94. The clinical impression included hypertension. These records also show he had been taking medication for hypertension since 2003.

The Veteran was afforded a VA examination in February 2014. The examiner who performed a comprehensive review of the Veteran's claims file. Following the examination, she confirmed the Veteran's hypertension, which she concluded was less likely than not (less than 50 percent probability) related to service. The examiner supported the opinion by noting specific in-service blood pressure readings, as well as the Veteran's reported history of treatment for hypertension since 2000 in support of her conclusion. She found that the Veteran's blood pressures during service were not predominantly in the hypertensive range, and he was never on medication for it during service. She explained that the highest blood pressure reading during service was 140/50 taken at the Veteran's separation physical. At that time the Veteran was not on medication and answered "don't know" to question of high or low blood pressure. There was no diagnosis of hypertension at exit. The next highest blood pressure readings were 128/86, taken in 1989 and 130/76 taken in 1990, with the remaining blood pressure readings generally below these values. She further found that the Veteran's assertion that he was first started on blood pressure medication about a year after separation, was unsupported, as records show he was on medications by 2003. The examiner concluded that it is less likely than not (less than 50 percent probability) that the Veteran's claimed hypertension was incurred in or caused by military service.

Based on the evidence in this particular case, the Board finds that service connection for hypertension is not warranted. Service treatment records do not show an actual diagnosis of hypertension. Also because a diagnosis of hypertension was not demonstrated until 2002, 3 years after his separation from active duty, in 1999, the Veteran may not be allowed service connection on a direct or presumptive basis. 38 C.F.R. §§ 3.307, 3.309.

There is also no competent medical evidence linking hypertension to the Veteran's military service many years earlier. Here, the VA opinion is highly probative and is given significant weight as it is based upon a complete review of the claims file and supported by an expressed rationale. The VA examiner considered the course of the Veteran's hypertension, the results of clinical evaluation, and the Veteran's lay statements. As a result, the examiner was able to fully address the salient question as to the origin of the Veteran's hypertension and its relationship to service. There are no favorable competent opinions of record. 

Finally, to the extent the Veteran's statements purport to provide a nexus opinion between his claimed hypertension and service, the Board notes determining the etiology of hypertension (as distinguished from merely reporting the presence of symptoms) is not a simple question. Doing so requires knowledge of the complexities of the cardiovascular system and the various causes and risk factors of hypertension and so is beyond the scope of knowledge of a lay person. In this case, the facts are complex enough that the Veteran's current assertions regarding his symptoms are not sufficient to outweigh the remaining evidence of record. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (providing that although a veteran is competent in certain situations to provide a diagnosis of a simple condition such as a broken leg or varicose veins, a veteran is not competent to provide evidence as to more complex medical questions). In any event, even assuming the Veteran is competent to address the etiology of his hypertension, the probative value of his opinion is outweighed by that of the VA examiner, who clearly has the expertise, training and education to address such etiology. 

However more importantly the Board finds that the Veteran's account of when his hypertension was diagnosed is not entirely credible, even if competent. He has provided a variable history with regard to the onset of his hypertension and this inconsistency undermines his credibility and his reliability as a historian. See Macarubbo v. Gober, 10 Vet. App. 388 (1997). As reported above the Veteran initially reported the onset of hypertension in 1982 during active duty (April 2012 statement), then later asserted he was diagnosed and treated for hypertension started a year after service (February 2014 VA examination report). Unfortunately the inconsistencies in these statements diminish the probative value of his assertions of an in-service onset of symptoms. 

Additionally, the objective contemporaneous medical records stand in sharp contrast to the Veteran's lay reports and are more probative as to the circumstances surrounding onset of the Veteran's hypertension, rather than his inconsistent history. See Curry v. Brown, 7 Vet. App. 59 (1994) (a Veteran's version of events from the past may be of limited credibility and probative value in the absence of medical records showing treatment for the claimed disorder). 

Accordingly, the preponderance of the evidence is against the claim and there is no reasonable doubt to be resolved. 38 U.S.C.A. § 5107(b).

ORDER

Service connection for hypertension is denied. 


____________________________________________
Thomas H. O'Shay 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs